**ROWLEY CHAPMAN BARNEY & BUNTROCK, LTD.**
63 East Main Street, Suite 501
Mesa, Arizona 85201-7423
Telephone (480) 833-1113
Facsimile (480) 833-1114
*Attorneys for Debtor*
**Janet M. Spears, Esq. – SBN 023833**
Email: janet@azlegal.com

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DENISE K. DYE,<br><br>Debtor. | Case No.: 2:11-bk-34612-RJH<br><br>**OBJECTION TO PROOF OF CLAIM**<br><br>Claim No.: 12<br>Claimant: HSBC Bank Nevada, N.A. |

Debtor Denise K. Dye, through undersigned counsel, objects to the following claim on the following grounds:

1. Debtor filed her Chapter 13 bankruptcy petition on December 22, 2011. On or about April 6, 20-12, HSBC Bank filed its proof of claim alleging a security interest in purchases made with the credit card. Debtor objects to HSBC Bank's ("HSBC") proof of claim on the grounds that HSBC failed to perfect its lien against the goods and therefore, the debt should be declared unsecured.

2. Purchase money security interests are governed in part under A.R.S. §47-9203(B)(3)(a) which provides that a security interest in not valid unless there is a security agreement, signed by the debtor, which contains a description of the collateral and specific language granting the security interest.

3. To prevent any misunderstanding as to what collateral is actually subject to a purchase money security agreement ("PMSI"), the purported security agreement must specifically set forth a description of what items are subject to a PMSI, the agreement must contain the requisite language granting a PMSI and that same document must be signed by the debtor.

4. From documentation filed with the Proof of Claim it does not appear that the information required appears in the same document. In the documents that allegedly grant a PMSI, there is no description as to what property the debtor has agreed to allow a secured interest. Simply having receipts showing items purchased with no language on those receipts granting a purchase money security interest does not authenticate the receipt as a security agreement, thus HSBC's claim as a secured creditor must be denied. (See *In re Nedeau*, 24 B.R. 1 (Bankr. S.D.Fla., 1982), and *In re Ziluck*, 127 B.R. 285 (Bankr. S.D.Fla., 1991).

DATED this 9th day of April, 2012.

                ROWLEY CHAPMAN BARNEY & BUNTROCK, LTD.

                /s/Janet M. Spears, #023833
                Janet M. Spears, Esq.
                63 East Main Street, Suite 501
                Mesa, Arizona 85201
                *Attorneys for Leo and Susan Archer*

| | |
|---|---|
| 1 | ORIGINAL of the foregoing E-FILED this 8th day of April, 2012 via CM/ECF and a |
| 2 | COPY of the foregoing MAILED this same date to: |
| 3 | |
| 4 | HSBC Bank Nevada, N.A.<br>c/o Bass &Associates, PC<br>3936 E. Ft. Lowell Rd., #200 |
| 5 | Tucson, Arizona 85712 |
| 6 | |
| 7 | Edward J. Maney<br>Trustee<br>P. O. Box 10434 |
| 8 | Phoenix, Arizona 85064 |
| 9 | /s/Janet M. Spears |